WO

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,           )<br>                                                    )<br>         Plaintiff,                          )<br>                                                    )<br>v.                                                )<br>                                                    )<br>Jesus Antonio Espinoza-Garcia,   )<br>                                                    )<br>         Defendant,                       )<br>_____)  | CR 08-1272 TUC DCB (JM)<br><br>**O R D E R** |

On May 15, 2009, Magistrate Judge Jacqueline Marshall issued a Report and Recommendation in regard to Defendant's Motion to Suppress his sworn confession. Judge Marshall recommends denying the Motion to Suppress (document 39).

It is undisputed that the sworn statements given by Defendant were made after he was informed of his *Miranda* rights. The question before the Magistrate Judge was whether he waived his rights and voluntarily confessed. After full briefing and a hearing, Magistrate Judge Marshall found the statements made by the Defendant were given voluntarily, without coercion.

The only objection to Judge Marshall's Report and Recommendation was filed by Defendant. He objects because his confession was involuntary in light of the following: 1) the length of his detention, which began when he was stopped at the port of entry; 2) his medical condition; 3) promises made to him by officials in exchange for his testimony, and 4) his statements were the result of a custodial interrogation prior to being given *Miranda* warnings.

STANDARD OF REVIEW AND CONCLUSION

The duties of the district court in connection with a Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). Where the parties object to a Report and Recommendation, "[a] judge of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within ten days of service of the Report and Recommendation); *see also Thomas v. Arn,* 474 U.S. 140, 149-50 (1985); *Britt v. Simi Valley Unified School Dist.,* 708 F.2d 452, 454 (9th Cir. 1983) *overruled on other grounds*, *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (en banc). When no objections are filed, the district court need not review the Report and Recommendation de novo. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *Reyna-Tapia*, 328 F.3d at 1121-22.

Pursuant to 28 U.S.C. § 636(b), the parties had ten days to file written objections to the Report and Recommendation. Defendant filed an objection. The Government did not.

## *DE NOVO* REVIEW OF REPORT AND RECOMMENDATION

After a full and independent, *de novo*, review of the record related to the objection from the Defendant, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.[1]

The Defendant challenges the finding in the Report and Recommendation that he was in administrative custody, and asserts he was subject to custodial interrogation when he made incriminating statements that he could prove his United States citizenship. The Defendant argues that the Magistrate Judge erred when she concluded that even if the Defendant was in custody, no interrogation occurred because the Defendant initiated the conversation offering to prove his citizenship with a Puerto Rican birth certificate.

From the time he was initially stopped at the port of entry, the Defendant asserted he was a United States Puerto Rico citizen. By Defendant's own testimony, in response to agents that mockingly asked if he was really Puerto Rican and could he prove it, he said he

---

[1] Unless different from the Magistrate Judge's findings of fact, the Court relies on the citation of the record contained in the Report and Recommendation. The Court equally relies on the law as properly stated by the Magistrate Judge.

- 2 -

had a Puerto Rican birth certificate, which his wife could bring to verify his United States citizenship.  (TR at 90.)  He was allowed to call his wife to bring the birth certificate, which she did, and he presented it to the agents. *Id.*

Agent Urena testified that these questions were taken and the phone call to his wife to obtain a copy of the Puerto Rican birth certificate was made during Defendant's administrative detention to determine his citizenship because a United States citizen will be released and an alien will be criminally investigated for illegal reentry.  (TR at 13-15.)

Here, fingerprint evidence established Defendant's identity and Mexican citizenship, and that he had been lying and the birth certificate was false.  It is undisputed that the Defendant was told his *Miranda* rights before being questioned regarding the instant offense.  Thereafter, he made a written sworn confession that included admissions regarding his alienage and that he had lied about his identity, citizenship, and had tendered a false birth certificate.

Defendant argues that the written sworn confession should be suppressed because it was coerced by psychological and physical distress and promises that he would be sent back to Mexico if he admitted he was Jesus Espinoza, a Mexican citizen.  (Defendant's Objection at 6; TR at 92.)  The Court agrees with Magistrate Judge Marshall's rejection of these claims of coercion and conclusion that the written statement was voluntary.

Defendant was stopped at the port of entry at September 17, 2008, at 10:00 a.m.  He was taken to the hospital due to high blood pressure at 12:20 p.m. and back to the holding cell at 2:30 or 3:00 pm.  He was given the *Miranda* warning and questioned from 6:00 p.m. to 12:00 midnight. Defendant gave the sworn written statement between 9:00 or 9:30 pm.  (R&R at 1, 10.)

Defendant was given medication at the hospital for his high blood pressure and a prescription for medication.  He was told to take a pill every six to eight hours.  His next pill should have been taken between 8:00 and 10:00 p.m.  He made his sworn statement between this time, around 9:00 or 9:30 pm.  Officers were with him from 6:00 p.m. to midnight, and

both agents testified he never complained nor exhibited any signs of pain or discomfort, nor asked for medication. *Id.* at 10.

As the Magistrate Judge noted, her decision rests on a credibility assessment. She rejected as not credible the Defendant's assertions that he was promised he could return to Mexico if he admitted he was Jesus Espinoza, a Mexican citizen. She found his account to be uncorroborated. In comparison, both agents testified that there was no such promise. Agent Urena testified that he explained expedited removal was one possible resolution to administrative detention, but that he also told the Defendant that ultimately the decision was up to the supervisor. The Magistrate Judge noted the agents testimony was consistent with each other and what actually occurred. *Id.* at 8-9.

The Magistrate Judge noted: "By his own testimony, the Defendant admitted to producing a false I.D. to a federal agent at the port of entry, to purchasing a false birth certificate from someone in Mexico and providing it to another federal agent at secondary inspection, and to providing a false name to a judicial officer at his initial appearance." *Id.* at 9. Additionally, this Court notes that the Defendant boldly asserted his false claim of United States citizenship for a considerable part of the time he was detained, even involving his wife by calling her and having her bring the false birth certificate to the detention center and trying to pass the false document off as legitimate. Even after admitting the falsities and giving the sworn confession, Defendant reverted to his false claim of United States citizenship by again providing a false identity to the judicial officer conducting the initial appearance in this action. (TR at 99-100.)

The Court agrees with the Magistrate Judge's credibility determination. The Court agrees with the Report and Recommendation to deny the Defendant's Motion to Suppress.

**Accordingly,**

**IT IS ORDERED** that after a full and independent review of the record in regard to the Defendant's objection, the Magistrate Judge's Report and Recommendation is accepted and adopted as the findings of fact and conclusions of law of this Court.

1     **IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (document 39) is DENIED.

    DATED this 29th day of May, 2009.

*David C. Bury*
United States District Judge